UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ORLANDO LOPEZ, 08-B-0433,

                Plaintiff,

vs.

DR. WILLIAM GOODMAN,

                Defendant.

DECISION AND ORDER
10-CV-6413

_____

**APPEARANCES**

For Plaintiff:                Orlando Lopez 08-B-0433
                                    Auburn Correctional Facility
                                    Box 618
                                    Aburn, NY  13021

For Defendant:             Hillel David Deutsch, A.A.G.
                                    New York State Attorney General's Office
                                    144 Exchange Boulevard, Suite 200
                                    Rochester, NY 14614

**INTRODUCTION**

    **Siragusa, J.** Orlando Lopez ("Plaintiff"), a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Dr. William Goodman ("Defendant") violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment. Am. Compl., Aug. 4, 2010, ECF No. 4. Now before the Court is Defendant's motion for summary judgment. Def.'s Mot. Summ. J., May 14, 2013, ECF No. 37. For the reasons that follow, Defendant's application is granted.

## BACKGROUND

In September of 2008, Plaintiff was an inmate at the Elmira Correctional Facility Mental Health Unit. Am. Comp. 5. While there, he was placed under the care of Defendant, a psychiatrist at the facility. Goodman Decl. ¶ 2, Apr. 18, 2013, ECF No. 37. Defendant prescribed Abilify, an anti-psychotic, as part of his treatment of Plaintiff's mental illness. *Id.* ¶ 5. Defendant states he knew Abilify had the potential side effect of causing hyperglycemia (high blood sugar), so he ordered monitoring of Plaintiff's blood sugar level via periodic blood tests. Goodman Decl. ¶ 7. Defendant admits that, at some point in September, he failed to see the results of one of these tests that showed Plaintiff's blood sugar level was elevated. *Id.* ¶ 8. Defendant states that if he had seen this report, he would have taken Plaintiff off of Abilify. *Id.* ¶ 10.

On January 15, 2009, Plaintiff was transferred to Downstate Correctional Facility and out of Defendant's care. Goodman Decl. ¶ 11. Around this date, Plaintiff states he was found unresponsive and was later diagnosed with diabetes. Am. Compl. 5. Plaintiff claims that Defendant was negligent or deliberately indifferent to his health care needs in failing to read or look into the missed blood test report and failing to adjust his medication accordingly. *Id.*

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing

that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 James Wm. Moore, et. al., MOORE'S FEDERAL PRACTICE § 56.11[1][a] (3d ed. 2008). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once the movant's burden has been met, the burden shifts to the nonmoving party which in its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if the fact has some effect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, a court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the nonmoving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962). Moreover, a court must draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.

1993); *Anderson*, 477 U.S. at 248-49. However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Defendant provided a Notice to *pro se* Plaintiff pursuant to Western District of New York Local Rule 56.2 and *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). Notice, Apr. 17, 2013, ECF No. 37-1.

***Exhaustion of Administrative Remedies***

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added). Such exhaustion of administrative remedies is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

Generally, in order to satisfy § 1997e(a), a plaintiff must use the DOCCS' Inmate Grievance Procedure ("IGP") codified under 7 N.Y.C.R.R. § 701. The IGP is a three-

step program offering an administrative remedy for prisoners with complaints regarding general conditions and specific, individual treatment that starts with a hearing with the facility's Inmate Grievance Review Committee ("IGRC") after the inmate files a valid grievance. 7 N.Y.C.R.R. § 701.5. An inmate may appeal the decision of the IGRC to the facility superintendent. *Id.* If still unsatisfied, the inmate may place a final appeal to the Central Office Review Committee ("CORC"). *Id.* Upon decision by the CORC, the inmate has exhausted the administrative remedies offered by the IGP.

Three exceptions to this required procedure have been recognized: "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (*citing Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

## ANALYSIS

Defendant asserts that Plaintiff failed to fully exhaust his administrative remedies before commencing this action. Def.'s Mem. of Law 3–6, ECF No. 37. The Court agrees. Plaintiff's excuses for failing to follow the grievance procedure do not fulfill one of the three exceptions outlined above.

In his Amended Complaint, the Plaintiff states that he "was pursuing the matter with the regional medical unit, as well as the office of mental health." Am. Compl. 6, ECF No. 4. He further fails to indicate any utilization of the grievance procedure whatsoever in his response to other questions on the prisoner complaint form. *Id.* Lastly,

in his Reply to Defendant's summary judgment motion, Plaintiff abandons explaining what he meant by "pursuing this matter with the regional medical unit" and instead claims that "[d]ue to the seriousness of this matter" he could not partake in the grievance procedure "due to time spent in hospitals" and that the grievance procedure was not available. Pl.'s Reply to Def.'s Mot. Summ. J. ¶ 10, May 14, 2013, ECF No. 39.

The grievance procedure is not unavailable to an inmate simply because he missed an initial deadline for filing a grievance. If an inmate misses the deadline for filing, the IGP contains provisions for requesting an extension of time to file in cases of mitigating circumstances. 7 N.Y.C.R.R. § 701.6(g)(1)(i)(a). Moreover, a denial of an extension of time to file a grievance is itself a grievable complaint that may be pursued via the IGP. 7 N.Y.C.R.R. § 701.6(g)(1)(ii). Plaintiff fails to assert in his Reply why he has apparently not attempted to avail himself of the IGP, or that he has attempted to file for an extension of time to file a grievance but has been denied. Therefore, Plaintiff has not exhausted all of his administrative remedies.

Since Plaintiff's claim under § 1983 was brought before administrative remedies were exhausted, the case must be dismissed without prejudice. *See Morales v. Mackalm*, 278 F.3d 126, 128 (2d Cir. 2002) (dismissal of a prisoner's complaint for failure to exhaust administrative remedies should be done without prejudice), (abrogated on other grounds by *Porter*, 534 U.S. at 516).

## CONCLUSION

Defendant's motion for summary judgment, ECF No. 37, is granted. Plaintiff's claim is dismissed without prejudice. Since this is the last claim remaining in this lawsuit, the Clerk is hereby directed to close the case. Further, the Court hereby

certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 17, 2013
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge