UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ORLANDO LOPEZ,

                Plaintiff,                              DECISION AND ORDER
                                                                   10-CV-6413 CJS

vs.

O.M.H. DR. GOODMAN,

                Defendant.
_____

**Siragusa, J.** This matter is before the Court on Plaintiff's motion for reconsideration, filed on July 24, 2013, ECF No. 43. Plaintiff contends the Court erred by dismissing his complaint for failure to exhaust administrative remedies. The Court has thoroughly reviewed Plaintiff's motion papers, and denies the application.

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Boiled down to its essence, Plaintiff's argument is that the Court should have permitted him additional time to supplement the record to show that either he didn't exhaust such remedies as were available, or was excused from doing so. On October 12, 2012, the Court held a videoconference with Plaintiff and opposing counsel at which time Plaintiff requested that his then-scheduled jury trial be adjourned until after his release from custody. At that time, Plaintiff indicated he would be released on November 16, 2012. My letter order entered on October 29, 2012, the Court directed plaintiff to appear on January 11, 2013, at 2:30 PM for a status conference to set a new trial date. In a subsequent letter order dated January 11, 2013, addressed to Plaintiff at the Monroe County Jail in Rochester, New York, the Court indicated that it had learned that Plaintiff had been taken into custody on an allegation of a parole violation and that is final parole hearing scheduled for January 17, 2013. The Court directed Plaintiff to advise the Court by January 25, 2013, when he would be available to proceed to trial.

On February 6, 2013, Defendant requested an extension of time to file a dispositive motion. By a letter order dated March 4, 2013, the Court directed Plaintiff to respond by March 15, 2013, to two questions: "(1) do you oppose an extension of time for defense counsel to submit a dispositive motion and why; and (2) when can you be ready for trial." Letter Order, Mar. 4, 2013, ECF No. 35. Plaintiff did not respond to either question, and in a three-page decision and order dated April 11, 2013, the court granted a short extension for Defendant to file a dispositive motion. ECF No. 36.

Defendants filed a motion for summary judgment on April 17, 2013. ECF No. 37. The Court issued a motion scheduling order directing that any responses were due by May 16, 2013. Plaintiff filed a response on May 14, 2013, ECF No. 39, in which he briefly addressed the issue of exhaustion by stating:

> Due to the seriousness of this matter, Plaintiff couldn't exercise his right to file or appeal any grievance proceeding or remedies due to his unresponsive state and time spent in hospitals so the grievance process wasn't available therefore should be permitted excusable due to no fault of his own into serious medical reasons, have permitted him from doing so which dealing with grievance process is justified and reasonable excuse, for not filing a timely manner according to DOCS Rules of Grievence [sic] Process.

Pl.'s Reply to Motion for Summary Judgment, May 14, 2013, ECF No. 39. Included in Defendant's motion papers was a Notice to Pro Se Litigant Opposing Motion for Summary Judgment. ECF No. 37-1. The Notice stated:

> **PLEASE BE ADVISED,** that pursuant to Local Rule 56.2 of the Western District of New York:
>
> Defendants have asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as required by rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible on evidence at trial.
>
> Attached as **Exhibit A** is a copy of Local Rule 56.2.

*Id.* at 1, ECF No. 37-1. The included Exhibit A contained the following language:

> RULE 56.2 NOTICE TO PRO SE LITIGANTS OPPOSING SUMMARY JUDGMENT
>
> Any party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a "Notice to Pro Se Litigant Opposing Motion For Summary Judgment: in the form indicated below. Where the pro se party

is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

Notice to Pro Se Litigant Opposing Motion For Summary Judgment

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rule 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to the motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office. Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as

provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.

Adopted effective May 1, 2003.

Ex. A, ECF No. 37-1.

Despite receiving this detailed notice, Plaintiff failed to file any evidentiary proof in admissible form to support his contention that the administrative grievance process was not available to him. Now, in his motion for reconsideration, Plaintiff is essentially asking the Court to reopen the record to permit him time to supplement his response. Since Plaintiff was fully aware of the need to file evidentiary proof in admissible form, that is, sworn affidavits, at the time he filed his original response to Defendant's motion, the Court finds his application does not meet the strict requirements set forth above. In other words, he has not pointed to data the Court overlooked. Therefore, his application, ECF No. 43, is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

DATED: September 19, 2013
            Rochester, New York

                                     /s/ Charles J. Siragusa
                                     CHARLES J. SIRAGUSA
                                     United States District Judge